UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| CATHERINE HUTCHINSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 07-CV-30084-MAP |
| v. | ) |
| | ) |
| DEVAL L. PATRICK, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### FIRST DEFENSE

The defendants, in their official capacities, Deval L. Patrick, Governor of Massachusetts; Leslie A. Kirwan, Secretary of the Executive Office of Administration and Finance; JudyAnn Bigby, Secretary of the Executive Office of Health and Human Services; Thomas Dehner, Acting Director of the Office of Medicaid; Elmer C. Bartels, Commissioner of the Massachusetts Rehabilitation Commission; in their official capacities (collectively, the "defendants"), herewith respond to the factual allegations contained in the Amended Complaint (the "Complaint").

1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1, except admit that Catherine Hutchinson, Raymond Puchalski, and Glen Jones have serious brain injuries and that those brain injuries substantially impair basic life skills. The second sentence of paragraph 1 purports to set forth a legal conclusion as to which no response is required. Defendants deny the allegations contained in the third and fourth

sentences of paragraph 1.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 2. Defendants deny the allegations contained in the third and fourth sentences of paragraph 2.

3. Paragraph 3 purports to set forth a legal conclusion as to which no response is required. Further answering, to the extent that an answer may be required, defendants deny the allegations contained in paragraph 3.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4. The remainder of paragraph 4 purports to set forth legal conclusions and to quote from a court decision; no response thereto is required. Further answering, to the extent that an answer may be required, defendants deny the remaining allegations contained in paragraph 4. Further answering, paragraph 4 contains overly broad generalizations regarding the needs of brain injured persons and how they purportedly best can be met.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6, except admit that some persons with brain injuries obtain long-term care in nursing and rehabilitation facilities in Massachusetts. Further answering, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 6 that the brain injured population in nursing and rehabilitation facilities has increased over the past decade.

7. Paragraph 7 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that an answer may be required, defendants deny the allegations

2

contained in paragraph 7.

8.      Defendants deny the allegations contained in paragraph 8.  Further answering, to the extent that paragraph 8 purports to quote from a court decision, that court decision speaks for itself as to its terms.  No response thereto is required.

9.      Paragraph 9 purports to set forth a legal conclusion, as to which no response is required.  Further answering, to the extent that an answer may be required, defendants deny the allegations contained in paragraph 9.

10.      Defendants deny the allegations contained in the first and fourth sentences of paragraph 10.  Further answering, defendants assert that they are not providers of medical, rehabilitative, or restorative services and that they make payments to providers of such services when medically necessary.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 10.  The third sentence of paragraph 10 purports to set forth a legal conclusion, as to which no response is required.  Further answering, to the extent that an answer may be required, defendants deny the allegations contained in the third sentence of paragraph 10.

11.      Paragraph 11 purports to set forth legal conclusions as to which no response is required.  Further answering, paragraph 11 contains a description of part of plaintiffs' request for relief, to which no response is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 11.

12-14.  Paragraphs 12 through 14 purport to set forth legal conclusions.  No response thereto is required.  Defendants deny the allegations contained in the last sentence of paragraph 14.

3

15.    Defendants deny the allegations contained in the first sentence of paragraph 15, except admit that Catherine Hutchinson is a 54 year old woman and mother from Attleboro, Bristol County, who resides at the Middleboro Skilled Care Center (MSCC) in Middleboro, Massachusetts. Further answering, defendants assert that Middleboro Skilled Care Center is a privately owned and operated facility. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 15.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of paragraph 16, except that defendant CMRC admits the allegations contained in the first four sentences of paragraph 16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 16.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17. Further answering, to the extent that the allegations contained in either sentence of paragraph 17 purport to ascribe certain actions or inactions to the defendants, the allegations are denied.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 18, except that defendant CMRC admits the allegations contained in the first and second sentences of paragraph 18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 18.

19.    Defendants other than CMRC deny knowledge or information sufficient to form a belief

4

as to the truth of the allegations contained in the first sentence of paragraph 19.   Defendant CMRC

denies the allegations contained in the first sentence of paragraph 19, except admits that plaintiff

Hutchinson's disability resulted from a medical event and that she is considered to have an acquired

brain injury.  Defendants deny the allegations contained in the second and fourth sentences of paragraph

19.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the third sentence of paragraph 19.

20.     Defendants deny the allegations contained in the first sentence of paragraph 20, except

admit that Raymond Puchalski is a 58 year old man from Millers Falls in Franklin County who resides

at the Kindred/Goddard Hospital's neurobehavioral unit in Stoughton, Massachusetts.  Further

answering, defendants assert that Goddard Hospital is a privately owned and operated hospital.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in the second sentence of paragraph 20, except admit that that Nickie Chandler is Mr.

Puchalski's guardian and that she resides at the specified address in Belchertown, Massachusetts.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the first and second sentences of paragraph 21, except that defendant

CMRC admits the allegation contained in the first and second sentences of paragraph 21 that Mr.

Puchalski was injured in a motor vehicle accident approximately four years ago.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

third and fourth sentences of paragraph 21.  Further answering, to the extent that the allegations

contained in paragraph 21 purport to ascribe certain actions or inactions to the defendants, the

allegations are denied.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and fourth sentences of paragraph 22, except that defendant CMRC admits the allegations contained in the first and fourth sentences of paragraph 22.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 22.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 23.  Defendants deny the allegations contained in the third sentence of paragraph 23.

24.     Defendants deny the allegations contained in the first sentence of paragraph 24, except admit that Glen Jones is a 57 year old man from Haverhill in Essex County who resides at the Worcester Skilled Care Center (WSCC) in Worcester, Massachusetts.  Defendants further assert that Worcester Skilled Care Center is a privately owned and operated nursing home.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 24, except admit that Steven Jones is Mr. Jones's guardian and that the guardian resides at the specified address in Haverhill, Massachusetts.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25, except that defendant CMRC admits that Mr. Jones has worked as an auto mechanic.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 25, except defendant CMRC admits that, in 1986, Mr. Jones sustained an open head injury following a motor vehicle crash.  Defendants deny knowledge or information sufficient to form a belief as to the truth of

6

the allegations contained in the third sentence of paragraph 25, except that defendant CMRC admits

that Mr. Jones received rehabilitative treatment in two area facilities.

      26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the first and second sentences of paragraph 26.  Defendants deny the

allegations contained in the third sentence of paragraph 26, except defendant CMRC admits that Mr.

Jones's family applied to the SHIP program but has not yet received services.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

fourth sentence of paragraph 26.

      27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 27.  Further answering, to the extent that the allegations

contained in paragraph 27 purport to ascribe certain actions or inactions to the defendants, the

allegations are denied.

      28.     Defendants deny the allegations contained in the first sentence of paragraph 28, except

admit that Nathaniel Wilson is a 54 year old man from Springfield in Hampden County who resides at

the Wingate of Wilbraham skilled nursing home in Wilbraham, Massachusetts.  Defendants further

assert that Wingate of Wilbraham is a privately owned and operated nursing home.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

second sentence of paragraph 28.

      29-33.  Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraphs 29-33.  Further answering, to the extent that the allegations

contained in paragraphs 31 - 33 purport to ascribe certain actions or inactions to the defendants, the

allegations are denied.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 34. Defendants deny the allegations contained in the second and third sentences of paragraph 34.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, except admit that Jason Cate is a forty year old man who resides at the Heritage Hall West nursing home in Agawam, Massachusetts. Defendants further assert that Heritage Hill West is a privately owned and operated nursing home.

36-39.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 36-39. Further answering, to the extent that the allegations contained in paragraphs 36-39 purport to ascribe certain actions or inactions to the defendants, the allegations are denied.

40.     Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of paragraph 41. Defendants deny the allegations contained in the fifth sentence of paragraph 41. Further answering, to the extent that the allegations contained in paragraph 41 purport to ascribe certain actions or inactions to the defendants, the allegations are denied.

42.     Defendants admit the allegations contained in paragraph 42.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, except that defendants deny the allegations contained in the

8

last sentence of paragraph 43.

44. Defendants admit the allegations contained in the first sentence of paragraph 44. Defendants deny the allegations contained in the second sentence of paragraph 44.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, except that defendants deny the allegations contained in the last sentence of paragraph 45.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 46, except defendant CMRC admits that Stavros is required to file annual reports with the Rehabilitation Services Administration, that the Rehabilitation Services Administration is the federal agency responsible for setting and enforcing the standards for independent living centers, and that Stavros is required to file annual reports with the Massachusetts Rehabilitation Commission. Further answering, to the extent that paragraph 46 purports to describe the contents of reports, the reports speak for themselves as to their terms. No response thereto is required. Defendants deny the allegations contained in the second and third sentences of paragraph 46.

47. Paragraph 47 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that an answer may be required, defendants deny that the named plaintiffs meet the elements for bringing a class action under Fed. R. Civ. P. 23, and deny all remaining allegations in paragraph 47.

48-50. Paragraphs 48-50 purport to set forth legal conclusions as to which no response is required. To the extent that an answer may be required, defendants deny the allegations contained in

9

paragraphs 48-50.

51.     The first sentence of paragraph 51 purports to set forth a legal conclusion as to which no response is required. To the extent that an answer may be required, defendants deny the allegations contained in the first sentence of paragraph 51. Defendants admit the allegations contained in the second sentence of paragraph 51.

52.     Defendants admit that Deval L. Patrick is the Governor of the Commonwealth of Massachusetts and admit that he is sued in his official capacity. The remainder of the allegations contained in paragraph 52 purport to set forth legal conclusions, as to which no response is required. Further answering, defendants refer the Court to the applicable provisions of the Massachusetts Constitution, statutes, and regulations, rather than the plaintiffs' characterizations of them.

53.     Defendants admit that JudyAnn Bigby is the Secretary of the Executive Office of Health and Human Services, and admit that she is sued in her official capacity. The remainder of the allegations contained in paragraph 53 purport to set forth legal conclusions, as to which no response is required. Further answering, defendants refer the Court to the applicable statutes and regulations, rather than plaintiffs' characterization of them.

54.     Defendants admit that Leslie Kirwan is the Secretary of the Executive Office for Administration and Finance, and admit that she is sued in her official capacity. The remainder of the allegations contained in paragraph 54 purport to set forth legal conclusions, as to which no response is required. Further answering, defendants refer the Court to the applicable statutes and regulations, rather than plaintiffs' characterization of them.

55.     Defendants admit that Thomas Dehner is the Acting Director of the Office of Medicaid

10

and admit that he is sued in his official capacity. The remainder of the allegations contained in paragraph 55 purport to set forth legal conclusions, as to which no response is required. Further answering, defendants refer the Court to the applicable statutes and regulations, rather than plaintiffs' characterization of them.

56.    Defendants admit that Elmer C. Bartels is the Commissioner of the Massachusetts Rehabilitation Commission through July 31, 2007, and admit that he is sued in his official capacity. The remainder of the allegations contained in paragraph 56 purport to set forth legal conclusions, as to which no response is required. Further answering, defendants refer the Court to the applicable statutes and regulations, rather than plaintiffs' characterization of them.

57.    Paragraph 57 purports to set forth conclusions of law, as to which no response is required. To the extent that an answer may be required, defendants deny the allegations contained in paragraph 57.

58.    Defendants admit the allegations contained in the first four sentences of paragraph 58. Defendants deny the allegations contained in the last sentence of paragraph 58, noting that the assertions contained therein are overly broad.

59.    Defendants admit the allegations contained in paragraph 59.

60.    Defendants admit the allegations contained in the first sentence of paragraph 60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 60.

61.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, except defendants admit that, in fiscal year 2004, there were 4,994 inpatient hospitalizations associated with non-fatal traumatic brain injuries and that in fiscal year 2004, there were 486 traumatic brain injury-related deaths among Massachusetts residents.

63.     Defendants admit the allegations contained in the first sentence of paragraph 63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 63. Defendants deny the allegations contained in the fourth sentence of paragraph 63. Further answering, the allegations contained in paragraph 63 are vague, overly broad generalizations and are subjective.

64.     Defendants admit that the needs of persons with serious brain injuries may vary widely. Defendants deny the allegations contained in the remainder of paragraph 64. Further answering, the allegations contained in the remainder of paragraph 64 are vague, overly broad generalizations and are subjective.

65.     Defendants admit that the Massachusetts Medicaid program pays for medical, rehabilitative, or restorative services in the community to persons with brain injuries and deny the remaining allegations contained in paragraph 65. Further answering, the allegations contained in the remainder of paragraph 65 are vague, overly broad generalizations and are subjective.

66.     Paragraph 66 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraph 66 purports to quote from, or to characterize, statutes, the statutes speak for themselves as to their terms. No response thereto is required.

67.     Paragraph 67 purports to set forth legal conclusions as to which no response is

12

required. Further answering, to the extent that paragraph 67 purports to quote from, or to characterize, statutes, regulations and a court decision, the statutes, regulations, and court decision speak for themselves as to their terms. No response thereto is required.

68-70. Paragraphs 68-70 purport to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraphs 68-70 purport to quote from, or to characterize, statutes and regulations, those statutes and regulations speak for themselves as to their terms. No response thereto is required.

71.    Paragraph 71 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraph 71 purports to quote from, or to characterize, statutes, those statutes speak for themselves as to their terms. No response thereto is required. Further answering, defendants admit that, at the federal level, the Medicaid program is administered by the United States Department of Health and Human Services's Center for Medicaid and Medicare Services (CMS).

72.    Paragraph 72 purports to set forth legal conclusions. No response thereto is required.

73.    The first sentence of paragraph 73 purports to set forth legal conclusions as to which no response is required. Further answering, defendants admit the allegations contained in the second sentence of paragraph 73.

74.    Paragraph 74 purports to set forth legal conclusions. No response thereto is required. Further answering, to the extent that paragraph 74 purports to quote from, or to characterize, statutes and other materials, those statutes and other materials speak for themselves as to their terms. No response thereto is required. Further answering, defendants deny knowledge or information sufficient

13

to form a belief as to the truth of the allegations contained in the third sentence of paragraph 74.

75.    Paragraph 75 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraph 75 purports to quote from, or to characterize, statutes and regulations, those statutes and regulations speak for themselves as to their terms. No response thereto is required.

76.    Paragraph 76 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraph 76 purports to quote from, or to characterize, statutes, those statutes speak for themselves as to their terms. No response thereto is required.

77.    Paragraph 77 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraph 77 purports to quote from, or to characterize, statutes and regulations, those statutes and regulations speak for themselves as to their terms. No response thereto is required.

78.    Defendants admit the allegations contained in paragraph 78.

79.    The first sentence of paragraph 79 purports to set forth a legal conclusion, as to which no response is required. Further answering, to the extent that an answer may be required, defendants admit that Massachusetts has prepared a State plan that CMS has approved. The second sentence of paragraph 79 purports to set forth a legal conclusion. No response thereto is required. The remainder of paragraph 79 purports to describe the contents of the Massachusetts State plan, which speaks for itself as to its terms. No response thereto is required.

80.    Defendants admit that, in 2001, CMS approved a Section 1915 HCBS waiver. The remainder of paragraph 80 purports to describe the contents of the Section 1915 waiver, which speaks

14

for itself as to its terms.  No response thereto is required.

81.    Defendants admit that, in 2006, MassHealth submitted a demonstration application to

CMS under Section 1115 of the Social Security Act.  The remainder of the first and second sentences

of paragraph 81 purport to describe the contents of the Section 1115 demonstration, which speaks for

itself as to its terms.  No response thereto is required.  Further answering, defendants deny the

allegations contained in the third sentence of paragraph 81.

82.    Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the first sentence of paragraph 82.  Defendants deny the allegations

contained in the second and third sentences of paragraph 82.  Further answering, the allegations

contained in paragraph 82 are vague, overly broad generalizations and are subjective.

83-85.  Defendants deny the allegations contained in paragraphs 83-85.  Further answering, the

allegations contained in paragraphs 83-85 are vague, overly broad generalizations and are subjective.

86.    Defendants deny the allegations contained in the first sentence of paragraph 86.  Further

answering, defendants state that they are not providers of medical, rehabilitative or restorative services

in nursing facilities.  Further answering, to the extent that the allegations contained in paragraph 86

purport to ascribe certain actions or inactions to the defendants, the allegations are denied; defendants

otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 86.

87-88.  Defendants deny the allegations contained in paragraphs 87 and 88.  Further answering,

the allegations contained in paragraphs 87 and 88 are vague, overly broad generalizations and are

subjective.

89.     Defendants deny the allegations contained in paragraph 89, except that defendants admit that, while several different state agencies pay for services to persons with brain injuries, including acquired brain injuries, there is no agency uniquely designated for persons generally with brain injuries and that the Massachusetts Rehabilitation Commission administers the Brain Injury and Statewide Specialized Community Services Department, within which is managed the Statewide Head Injury Program that pays for services to persons with traumatic brain injuries.

90.     The first sentence in paragraph 90 purports to set forth a legal conclusion as to which no response is required.  Further answering, defendants deny the allegations contained in paragraph 90, except admit that, like all state programs, SHIP's resources are limited and that certain applicants for SHIP services may wait for services due to limited resources.

91.     Paragraph 91 purports to set forth legal conclusions as to which no response is required.  Further answering, to the extent that paragraph 91 purports to describe the contents of the 1915 waiver and its renewal, those documents speak for themselves as to their terms.  No response thereto is required.  Further answering, defendants deny the allegations contained in the third sentence of paragraph 91.  Defendants admit the allegations contained in the fourth sentence of paragraph 91.

92-93.  Defendants deny the allegations contained in paragraphs 92 and 93.

94.     Paragraph 94 purports to set forth legal conclusions as to which no response is required.  Further answering, to the extent that an answer may be required, defendants deny the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96-97.  Paragraphs 96 and 97 purport to set forth legal conclusions as to which no response is

16

required. To the extent that an answer may be required, defendants deny the allegations contained in paragraphs 96 and 97.

98. Defendants re-allege paragraphs 1 through 97 of their Answer as if fully set forth herein.

99. Paragraph 99 purports to set forth legal conclusions as to which no response is required. To the extent that an answer may be required, defendants deny the allegations contained in paragraph 99.

100. Paragraph 100 purports to set forth a legal conclusion as to which no response is required. Further answering, to the extent that paragraph 100 quotes from a regulation, the regulation speaks for itself as to its terms. No response thereto is required.

101-102. Paragraphs 101 and 102 purport to set forth legal conclusions as to which no response is required. To the extent that an answer may be required, defendants deny the allegations contained in paragraphs 101 and 102.

103. Paragraph 103 purports to set forth legal conclusions as to which no response is required. Further answering, to the extent that paragraph 103 purports to quote from, or to characterize, a regulation, the regulation speaks for itself as to its terms. No response thereto is required.

104-106. Paragraphs 104-106 purport to set forth legal conclusions as to which no response is required. To the extent that an answer may be required, defendants deny the allegations contained in paragraphs 104-106.

107. Defendants re-allege paragraphs 1 through 106 of their Answer as if fully set forth herein.

17

108.    Paragraph 108 purports to set forth a legal conclusion as to which no response is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 108.

109.    Paragraph 109 is so broad as to render defendants unable to respond to the allegations as phrased.  Further answering, defendants assert that EOHHS and its state agencies make certain expenditures for which federal financial assistance is available.  Such state expenditures are governed by the state laws applicable to the particular agency and such federal financial assistance is governed by the federal laws applicable to the particular state expenditures.  Such state and federal laws speak for themselves.

110-111.    Paragraphs 110 and 111 purport to set forth legal conclusions as to which no response is required.  Further answering, to the extent that paragraphs 110 and 111 purport to quote from, or to characterize, regulations, the regulations speaks for themselves as to their  terms.  No response thereto is required.

112-114.    Paragraphs 112 - 114 purport to set forth legal conclusions as to which no response is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraphs 112 -114.

115.    Defendants re-allege paragraphs 1 through 114 of their Answer as if fully set forth herein.

116.    Paragraph 116 purports to set forth legal conclusions, as to which no response is required.  Further answering, to the extent that paragraph 116 purports to quote from, or to characterize, statutes and regulations, those statutes and regulations speak for themselves as to their

18

terms.  No response thereto is required.

117-118.        Paragraphs 117 and 118 purport to set forth legal conclusions, as to which no response is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraphs 117 and 118.

## SECOND DEFENSE

The Brain Injury Association of Massachusetts and the Stavros Center for Independent Living lack standing to bring this action.

## THIRD DEFENSE

The Amended Complaint fails to state a claim for a violation of the Americans with Disabilities Act, the Rehabilitation Act, the Medicaid Statute, or the regulations promulgated under any of these statutes.

## FOURTH DEFENSE

The plaintiffs fail to meet the requirements for a class action and for class certification.

## FIFTH DEFENSE

The Governor and the Secretary of the Executive Office for Administration and Finance are not proper parties to this action.

## SIXTH DEFENSE

Plaintiffs' requested relief would constitute a fundamental alteration of the Massachusetts Medicaid Program.

## SEVENTH DEFENSE

States may permissibly establish targeting criteria and place a limit on the number of persons

19

included in a section 1915(c) HCBS waiver and the Commonwealth is operating its section 1915(c)

HCBS waiver with one hundred slots for persons with traumatic brain injuries in compliance with

federal law and with the approval of the federal oversight agency, the Centers for Medicare and

Medicaid Services.

## EIGHTH DEFENSE

Apart from state regulatory oversight, defendants are not responsible for the care and

treatments obtained by individuals residing in private nursing or rehabilitation facilities.

## NINTH DEFENSE

The nursing and rehabilitation facilities in which plaintiffs reside are operated by private

providers who are not parties to this action.

## TENTH DEFENSE

There is no judicially enforceable right of action under the statutes and regulations on which the

plaintiffs rely or under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

Even if the provisions on which plaintiffs rely could be construed to create a judicially

enforceable right to the relief they seek, plaintiffs' claims would violate the Eleventh Amendment to the

United States Constitution.

## TWELFTH DEFENSE

Even if the provisions on which plaintiffs rely could be construed to create a judicially

enforceable right to the relief they seek, Congress's abrogation of states' sovereign immunity under title

II of the ADA does not extend to the claims in question.

## THIRTEENTH DEFENSE

Defendants are entitled to qualified immunity.

## FOURTEENTH DEFENSE

Plaintiffs fail to state a claim for community placement upon which relief can be granted, to the extent that community placement cannot be reasonably accommodated by the Commonwealth, taking into account the relevant resources and the needs of other relevant individuals.

## FIFTEENTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

## SIXTEENTH DEFENSE

Members of the putative class who claim harm on the basis that they are at risk of institutionalization lack standing on that basis.

## SEVENTEENTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted because this case does not involve state institutions or state treating professionals within the meaning of Olmstead.

## EIGHTEENTH DEFENSE

Because defendants are in the process of developing new programs for individuals with disabilities, plaintiffs' action is not ripe.

## NINETEENTH DEFENSE

Plaintiffs are not unnecessarily institutionalized within the meaning of federal law.

## TWENTIETH DEFENSE

Defendants pay for a diverse continuum of medical care and treatment to persons with brain

21

injuries, including medical, rehabilitative, and restorative services, irrespective of whether individuals reside in nursing or rehabilitation facilities or in community settings.

### TWENTY-FIRST DEFENSE

Defendants did not require plaintiffs to seek any particular placements; plaintiffs sought admission to and continue to seek long-term medical care from private nursing homes or rehabilitation facilities.

### REQUESTS FOR RELIEF

WHEREFORE, defendants respectfully request that the Court:

1. Dismiss the complaint against each defendant;

2. Deny plaintiffs' request for class certification;

3. Deny plaintiffs' request for preliminary and permanent injunctions;

4. Deny plaintiffs' request for declaratory relief; and

5. Issue such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

DEFENDANTS
By their attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL
/s/ Jane L. Willoughby
Jane L. Willoughby BBO 555693
Jennifer Cartee BBO 654111
Assistant Attorneys General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 727-2200, ext. 2615
jane.willoughby@state.ma.us

July 16, 2007

22

Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 16, 2007.

/s/ Jane L. Willoughby